## McCOOK v. BARNUM et al.
### No. E 9713.

District Court, D. Oregon.
May 12, 1938.

Gavin & Gavin, of The Dalles, Or., and Wood, Matthiessen & Rankin, of Portland, Or., for complainant.

Maguire, Shields & Morrison, of Portland, Or., Robert M. Duncan, of Burns, Or., and Donald K. Grant, of Portland, Or., for respondents.

McCOLLOCH, District Judge.

Since defendants' motion to dismiss is directed against the whole complaint,—if either (1) the excess loans, or (2) the improvident loans are within the statutory period, it follows that the motion must be denied.

I feel that the improvident loans are within the six year statutory period (Oregon Code 1930, 1-204; 6-103). The allegations as to these loans, while sounding in tort, are, in fact, based on the contractual obligation of the Directors to perform their official duties with fidelity. In this I follow the lucid reasoning of Judge George T. McDermott in Hughes v. Reed, 10 Cir., 46 F.2d 435.

Judge McDermott's untimely death last year was lamented by all who knew him. His opinions, rendered while on the Circuit Court of Appeals of the Tenth Circuit, are regarded by the bar of the Middle West as outstanding examples of legal reasoning, and the opinion in Hughes v. Reed, which I am following in this case, is a characteristic product of Judge McDermott's brilliant mind.

It does not appear necessary to rule at the present time on the question whether the running of the statute was suspended until the election of a new director. That question is also discussed in Judge McDermott's opinion.